IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                        Case No. 13-20106-JWL

Nicholas Martell McGinnie,

        Defendant.

**MEMORANDUM AND ORDER**

In March 2014, defendant Nicholas Martell McGinnie entered a plea of guilty to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a). Based upon a total offense level of 27 and a criminal history category of VI, the guideline imprisonment range is 130 months to 162 months. The judge assigned to this case at that time sentenced defendant to 100 months imprisonment, consistent with the parties' Rule 11(c)(1)(C) plea agreement, to be served consecutively to a sentence imposed in the Western District of Missouri. He is presently incarcerated at USP Pollock and his projected release date is January 16, 2025. This matter is now before the court on defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (doc. 25) and his motion to appoint counsel (doc. 28).

Before turning to the merits of defendant's motions, the court addresses one procedural issue. After receiving defendant's motions, the court issued an order directing the government to file a response to the motion for compassionate release. The response deadline passed and the government did not file a response to the motion or otherwise contact the court about the motion. The court then issued a show cause order requiring the government to show good cause why it

had not responded to defendant's motion as ordered by the court. The government filed a timely response to the court's order in which it asserts that counsel missed the deadline because this case was never assigned to a new prosecutor after the former prosecutor left the office in 2014. The court agrees with defendant that the government's response does not establish good cause. Thus, the court will consider the merits of defendant's motion without reference to the government's substantive response to the motion for compassionate release. *See Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (inadvertence or mistake of counsel usually does not suffice to establish good cause).

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. The court, then, declines to address the other prerequisites.

In his motion, defendant seeks compassionate release based on two primary grounds. He asserts that his 15-year-old daughter's mother was killed in January 2022 and that he desires the

opportunity to raise her. He further asserts that he has made significant efforts towards rehabilitation, including maintaining a clean disciplinary record for over two years and, in September 2021, enrolling in the BOP's Challenge Program.

The court begins with defendant's motion to appoint counsel. The motion is denied. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, defendant's pro se motion for sentence reduction reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion are straightforward. Finally, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. Recently, the Federal Public Defender notified the court that it had reviewed defendant's motion and did not intend to enter an appearance on his behalf.[1]

The court turns, then, to defendant's motion for compassionate release as it relates to his family situation and, more specifically, his desire to raise his daughter. Defendant does not indicate who has been caring for his daughter since January 2022 and he does not suggest that the care that his daughter presumably has been receiving is inadequate. Moreover, while it is

---

[1] Defendant notes in his submissions that an AUSA entered his appearance on May 9, 2022 but that he has not yet been contacted by that AUSA. To be clear, the AUSA represents the government and did not enter an appearance on behalf of defendant.

3

commendable that his daughter's welfare is now forefront in defendant's mind, the wellbeing of his daughter was an insufficient deterrent at the time he committed his crime and it is not the court's obligation to lessen the burden the defendant placed on his family in the first instance. *United States v. Williamson*, 2021 WL 861352, at *3 (M.D.N.C. Mar. 8, 2021). In short, defendant has not established that other reasonable options for care for his daughter are unavailable and the record before the court concerning defendant's desire to care for his daughter falls remarkably short of establishing an extraordinary and compelling reason for a sentence reduction. *See United States v. Whalen*, 2020 WL 3802714, at *8 (D. Me. July 7, 2020) (the defendant's desire to be with her children, without more, did not justify compassionate release); *United States v. Scott*, 461 F. Supp. 3d 851, 863–64 (E.D. Wis. 2020) (while the defendant "would no doubt like to spend time with" family members, "that is also likely true of most prisoners" and defendant did not establish that his situation was extraordinary).

That leaves defendant's argument that his rehabilitative efforts justify compassionate release. But defendant himself admits that both his clean disciplinary record and his rehabilitative efforts have been quite recent. Thus, the court cannot conclude that the record here establishes extraordinary and compelling rehabilitation for purposes of early release. While some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who had spent substantial time in prison and had demonstrated significant rehabilitation during that time, those courts also found a specific defect or inequity in the defendant's sentence, *see United States v. Alvarez*, 2020 WL 4904586, at *5 (E.D.N.Y. Aug. 20, 2020), such as Congress's decision to eliminate stacked sentencing under § 924(c). *See, e.g., United States v. Nafkha*, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (young age at time of

offenses, rehabilitation in prison, good character and elimination of mandatory sentence stacking under § 924(c), considered together, established extraordinary and compelling reasons for compassionate release) (collecting cases). That critical factor is absent from the record here. As explained in this opinion, defendant has not come forward with any other extraordinary and compelling reasons, unique to him, that might justify early release. And Congress does not consider rehabilitation alone to be an extraordinary and compelling reason for purposes of compassionate release. *See* 28 U.S.C. § 994(t). The court, then, rejects this argument as a basis for a sentence reduction. *See United States v. Mora*, 2021 WL 5711087, at *2 (10th Cir. Dec. 2, 2021) (no flaw in district court's reasoning where court denied early release despite minimal disciplinary record and rehabilitation efforts); *United States v. Rodriguez*, 837 Fed. Appx. 652, 653 (10th Cir. 2021) (same).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release and/or sentence reduction (doc. 25) is **denied** and defendant's motion to appoint counsel (doc. 28) is **denied.**

**IT IS SO ORDERED.**

Dated this 29th day of June, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
_____
John W. Lungstrum
United States District Judge