**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

**Plaintiff,**

v.                                                                    **Case No. 13-20106-JWL**

**Nicholas Martell McGinnie,**

**Defendant.**

**MEMORANDUM AND ORDER**

In March 2014, defendant Nicholas Martell McGinnie entered a plea of guilty to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a). Defendant was sentenced to 100 months imprisonment, consistent with the parties' Rule 11(c)(1)(C) plea agreement, to be served consecutively to a sentence imposed in the Western District of Missouri. He is presently incarcerated at USP Pollock and his projected release date is January 16, 2025. On June 29, 2022, this court denied defendant's motion for compassionate release and/or sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). In doing so, the court rejected defendant's arguments that his asserted need to care for his daughter and his rehabilitative efforts warranted early release. This matter is now before the court on defendant's motion for reconsideration (doc. 38) of the court's order denying the motion for compassionate release. As will be explained, the motion is denied.

The government objects to the motion on the grounds that defendant has not shown that the motion for reconsideration is timely. As the government highlights, the court's memorandum and order was issued on June 29, 2022. Defendant's submissions indicate that he deposited his

motion for reconsideration with prison officials on July 25, 2022, or 26 days after the filing of the court's memorandum and order.[1] This is outside the permissible 14-day period to move for reconsideration. *See United States v. Warren*, 22 F.4th 917 (10th Cir. 2022) (14-day time limit to file motions for reconsideration in criminal proceedings). Because he has not indicated when he received the court's memorandum and order, he has not established that his motion for reconsideration was timely filed. *Blake v. Aramark Corp*., 489 Fed. Appx. 267, 268–69 (10th Cir. 2012) (explaining, in the context of whether plaintiff satisfied the prison mailbox rule, the various types of evidence that plaintiff could have provided to show his appeal timely was filed, including a declaration under penalty of perjury or a copy of the prison mail log, but dismissing his appeal because plaintiff had not provided the required evidence). The motion for reconsideration, then, is denied as untimely.

In any event, the court rejects the argument advanced by defendant in his motion. He asserts that when the primary caregiver of a minor child is killed (as the mother of his daughter was), an incarcerated parent necessarily has established extraordinary and compelling reasons for release without having to establish that no other family members are available to care for that minor child. Presumably, defendant is referring to the commentary to U.S.S.G. § 1B1.13, which describes "extraordinary and compelling reasons" to include the "death or incapacitation of the caregiver of

---

[1] Defendant asserts that his motion for reconsideration was filed within 28 days of the court's memorandum and order as authorized by Federal Rule of Civil Procedure 59(e). But a motion for reduction of sentence under § 3582(c) is a criminal proceeding, and the Federal Rules of Civil Procedure do not apply. *See United States v. Heath*, 846 Fed. Appx. 725, 728 n.5 (10th Cir. 2021). And in this context, the Circuit has expressly held that motions for reconsideration under § 3582(c) must be filed within the time to appeal the order that is the subject of reconsideration. *Warren*, 22 F.4th at 925-26; *see also Heath*, 846 Fed. Appx. at 728 (motion for reconsideration of order denying § 3582(c)(1)(A) motion was untimely when it was filed 26 days after the order).

the defendant's minor child or minor children." But the Circuit has held that this policy statement does not apply to compassionate release motions filed by defendants (as opposed to the Bureau of Prisons) and that the court always maintains the discretion to decide what reasons are extraordinary and compelling. *See United States v Maumau*, 993 F.3d 821, 836-37 (10th Cir. 2021). Thus, even assuming defendant had timely filed his motion for reconsideration, the court would deny that motion on the merits.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 38) of the court's order denying the motion for compassionate release and/or sentence reduction is **denied.**

**IT IS SO ORDERED.**

Dated this 14th day of September, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3