IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                                     **Case No. 13-20106-JWL**

**Nicholas Martell McGinnie,**

      **Defendant.**

## MEMORANDUM AND ORDER

In March 2014, defendant Nicholas Martell McGinnie entered a plea of guilty to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a). The judge assigned to this case at that time sentenced defendant to 100 months imprisonment, consistent with the parties' Rule 11(c)(1)(C) plea agreement, to be served consecutively to a sentence imposed in the Western District of Missouri. He is presently incarcerated at Hazelton USP and his projected release date is January 16, 2025. This matter is now before the court on defendant's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (doc. 42). The motion is denied.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing

Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*

In his motion, defendant seeks compassionate release based on two grounds. He asserts that he was subjected to sentence-stacking under 18 U.S.C. § 924(c) and he asserts a need to raise his daughter, whose mother was killed in January 2022. The government contends that defendant has not exhausted his administrative remedies with respect to his § 924(c) argument. In his motion, defendant states that he exhausted his administrative remedies by submitting a request to the warden in January 2022. He does not include a copy of that request. The government, however, has submitted defendant's January 2022 request and it does not include any reference to his stacking argument. Because the government's evidence demonstrates that this claim has not been exhausted, the court must deny defendant's motion as it relates to stacking under § 924(c). *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021) (holding that exhaustion under § 3582(c)(1)(A) is a claim-processing rule rather than jurisdictional); *United States v. Gieswein*, 2021 WL 4852420, at *2 n.2. (10th Cir. Oct. 19, 2021) (unpublished) ("But the exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").[1]

The court turns, then, to defendant's motion for compassionate release as it relates to his family situation and, more specifically, his desire to raise his daughter. Defendant has raised this issue on two prior occasions—in his first motion for compassionate release filed in April 2022

---

[1] As the government notes, however, defendant was not subjected to stacking under § 924(c). The single § 924(c) count in this case was dismissed as a result of the parties' plea agreement and he was charged with a single § 924(c) count in the Western District of Missouri.

and again in connection with his August 2022 untimely motion to reconsider the court's order denying the motion. Because defendant asserts no new evidence or arguments in connection with this issue, the court agrees with the government that the motion is essentially another motion to reconsider. As such, it is untimely and must be denied. *See United States v. Warren*, 22 F.4th 917 (10th Cir. 2022) (14-day time limit to file motions for reconsideration in criminal proceedings).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) (doc. 42) is **denied.**

**IT IS SO ORDERED.**

Dated this __13th__ day of December, 2022, at Kansas City, Kansas.

 s/ John W. Lungstrum
John W. Lungstrum
United States District Judge