IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                         Case No. 13-20106-JWL

**Nicholas Martell McGinnie,**

    **Defendant.**

## MEMORANDUM AND ORDER

In March 2014, defendant Nicholas Martell McGinnie entered a plea of guilty to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a). The judge assigned to this case at that time sentenced defendant to 100 months imprisonment, consistent with the parties' Rule 11(c)(1)(C) plea agreement, to be served consecutively to a sentence imposed in the Western District of Missouri. His projected release date is March 24, 2025. This matter is now before the court on defendant's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 48) in which he asks the court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines. The motion is dismissed.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). In resolving defendant's motion, then, the court first determines if a retroactive amendment to the Sentencing Guidelines indeed lowered defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Relevant here, Part A of Amendment 821 limits the criminal history impact of "status points" when the offense is committed while under a criminal justice sentence. *See* United Stated Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 29, 2024). Specifically, under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points.

Defendant was assessed two additional criminal history points (or "status points") because he committed the instant offense while on probation in another case. This increased his criminal history score from 12 to 14, establishing a criminal history category of VI. Applying Part A of Amendment 821, defendant's status points would be decreased by one because he has seven or more criminal history points, resulting in an amended criminal history score of 13. But as the government correctly explains in its response,[1] an amended history score of 13 still corresponds to a criminal history score of VI. Amendment 821, then, does not change defendant's criminal history category and, accordingly, does not lower defendant's sentencing range. Because

---

[1] Defendant has not submitted a reply to the government's response and the deadline for doing so has passed by two weeks.

Amendment 821 does not affect defendant's guideline range, he is ineligible for a sentence reduction under this amendment. *See United States v. Bailey*, 2024 WL 626151, at *1 (D. Kan. Feb. 14, 2024) (defendant was not eligible for reduction under Amendment 821 where she was entitled to one-point decrease in status points but total criminal history score still resulted in criminal history category of VI with no change in guideline range).

In sum, because the defendant has not shown a basis for the court's jurisdiction, the court must dismiss his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. 3582(c)(2) (doc. 48) is **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED.**

Dated this 29th day of February, 2024, at Kansas City, Kansas.

                                          s/John W. Lungstrum
                                       HON. JOHN W. LUNGSTRUM
                                       United States District Judge